IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ASIYAH R. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17CV306 |
| ) | |
| EAST PENN MANUFACTURING ) | |
| CO. INC., ROBERT COLLINS, ) | |
| and JIMMY BOBBIT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Asiyah R. Thomas ("Plaintiff"), proceeding pro se, filed this Complaint on April 4, 2017, naming as Defendants her employer, East Penn Manufacturing Co. Inc. ("East Penn"), and Robert Collins and Jimmy Bobbit, two employees of East Penn. (Doc. 2.) A summons was issued, (Doc. 5), and served on East Penn, (Doc. 12). Defendant East Penn responded by moving to dismiss pursuant to Fed. R. Civ. P. (8)(a) and 12(b)(6). (Doc. 13.) Plaintiff has responded, (Doc. 16), and Defendant has replied, (Doc. 20). Also before the court is Plaintiff's Motion to Seal, (Doc. 17), to which East Penn objects, (Doc. 21). These matters are now ripe for ruling, and for the reasons stated herein, this court finds Plaintiff's motion to seal should be

denied, that Defendant's motion to dismiss should be granted, and the Complaint dismissed.[1]

I. **BACKGROUND**

While the Complaint is extensive and at times unclear, the Complaint includes claims of discrimination based upon race and Plaintiff's pregnancy, (see Complaint ("Compl.") (Doc. 2 at 2-3), all in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on December 6, 2016. (Compl.,

---

[1] Although the Complaint names as Defendants Robert Collins and Jimmy Bobbit, no summons were issued for these individuals. The Magistrate Judge previously advised Plaintiff that she is "responsible for preparing and delivering to the Clerk, the correct summons for service on each defendant" within fifteen days of his order or the case is subject to dismissal without further notice. (Doc. 4.) Fed. R. Civ. P. 4(m) provides that if a defendant is not served within ninety days after a complaint is filed, this court may dismiss the action against that defendant after notice to the plaintiff.

Moreover, this court shall "dismiss an in forma pauperis case at any time the court determines the action . . . fails to state a claim upon which relief may be granted[.]" See Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (per curiam) (citing 28 U.S.C. § 1915(e)(2)(B)). Because Plaintiff's claims are time barred, and because "supervisors are not liable in their individual capacities for Title VII violations," Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998), Plaintiff fails to state a claim. Therefore, service on Defendants Collins and Bobbit would be futile, and the action will be dismissed without prejudice as to these Defendants without further notice to Plaintiff.

Ex. 2 (Doc. 2-2) at 2.) The EEOC closed its file on the Charge because it "was not timely filed with EEOC" and issued a Dismissal and Notice of Rights dated January 31, 2017. (Id. at 1.) Plaintiff timely filed this Complaint and attached to the Complaint these EEOC documents. (Compl. (Doc. 2); Compl., Ex. 2 (Doc. 2-2).)

## II. **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff provides enough factual content to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the "requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004). The court must separate out allegations not

entitled to the assumption of truth, including conclusory allegations and bare assertions amounting to a "formulaic recitation of the elements[,]" to determine whether the factual allegations, taken as true, "plausibly suggest an entitlement to relief." Iqbal, 556 U.S. at 680-81.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Nevertheless, liberal construction of a pro se complaint does not "undermine Twombly's requirement that a pleading contain 'more than labels and conclusions[.]'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (citation omitted).

**III. ANALYSIS**

    **A. Failure to State a Claim**

Defendant first argues that "[a]bsent a clear statement of claims showing that Plaintiff is entitled to relief, as required by Federal Rule of Civil Procedure 8(a)(2), the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)." (Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def.'s Br.") (Doc. 14) at 5.) This court disagrees that

dismissal is required as a result of the allegedly vague and conclusory allegations.

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] sex." 42 U.S.C. § 2000e-2(a). As summarized by Covington v. Randolph Hosp., Inc., 147 F. Supp. 3d 399 (M.D.N.C. 2015):

> In Title VII cases, a plaintiff does not need to plead a prima facie case of race discrimination in order to survive a motion to dismiss. McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015). But a plaintiff cannot simply plead facts that are "consistent with discrimination." Id. at 586 (alteration in original) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937). Instead, the plaintiff must "allege facts to satisfy the elements of a cause of action created by that statute." Id. at 585. Thus, if an employee claims to have suffered an adverse employment action, she must plead facts to raise a plausible inference that she suffered the adverse action "because of [her] race." Id. (emphasis and alteration in original). Similarly, if the employee claims that her employer created a hostile work environment, she must plead facts to establish that "the workplace [was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." See Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015).

Id. at 402-03.

Plaintiff's Complaint, while exceeding the requirements of Fed. R. Civ. P. 8(a) in terms of irrelevant details, is far more

than a "the-defendant-unlawfully-harmed-me-accusation" as argued by Defendant. (Def.'s Br. (Doc. 14) at 7.) The Complaint alleges numerous instances of specific wrongdoing during and after the Plaintiff's pregnancy. (See, e.g., Compl. (Doc. 2) at 2 ("My supervisor at the time of my complaints . . . subjected myself . . . to offensive racial comments, and during my pregnancy heavier work assignments.").) Attached to the Complaint as an exhibit are specific instances of inappropriate racial comments. (See generally Compl., Ex. 1 (Doc. 2-1).) The original Charge of Discrimination is attached to the Complaint and includes specific allegations of racial discrimination and disparate treatment during pregnancy. (See generally Compl., Ex. 2 (Doc. 2-2).) Plaintiff's overly descriptive complaint contains within it specific allegations sufficient to raise the inference that Defendant took adverse employment action against Plaintiff because of her race and pregnancy in violation of Title VII. While a pro se plaintiff might file a pleading in violation of Rule 8(a) in certain instances, e.g., Plumhoff v. Central Mortgage Company, ___ F. Supp. 3d ___, 2017 WL 6508942, at *2-4 (D. Md. Dec. 20, 2017), this court is not persuaded dismissal is warranted on this basis here, and construes Plaintiff's Complaint as asserting claims of discrimination based upon race, pregnancy, and a racially hostile work environment.

**B. Title VII's Limitation Period**

Defendant also argues that "to the extent that Plaintiff seeks relief under Title VII, her claims are time barred as found by the EEOC, since she did not file the Charge within the 300-day limitations period." (Def.'s Br. (Doc. 14) at 12.)

**i. Applicable Limitation Period**

A charge of discrimination

> shall be filed within <u>one hundred and eighty days</u> after the alleged unlawful employment practice occurred . . . , except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within <u>three hundred days</u> after the alleged unlawful employment practice occurred . . . .

42 U.S.C. § 2000e-5(e)(1) (emphasis added). North Carolina is a "non-deferral state," which means that the 180-day period applies except in limited circumstances. See <u>Chester v. Adams Auto Wash, Inc.</u>, No. 5:13-CV-75-FL, 2014 WL 267095, at *4 (E.D.N.C. Jan. 24, 2014); <u>Shaver v. Davie Cty. Pub. Schs.</u>, Civil Action No. 1:07CV00176, 2008 WL 943035, at *2 n.1 (M.D.N.C. Apr. 7, 2008) ("North Carolina is a deferral state only for certain state and governmental employees." (citing N.C. Gen. Stat. § 7A-759(a)).

- 7 -

Plaintiff does not allege she is a state or governmental employee, and her Charge of Discrimination was filed directly with the EEOC. (See Compl., Ex. 2 (Doc. 2-2) at 2.) Therefore, Plaintiff is subject to the 180-day period, and the question is whether Plaintiff's Charge of Discrimination was filed within 180 days after the alleged unlawful employment practice occurred.

### ii. Exhaustion of Administrative Remedies

"Before a plaintiff may file suit under Title VII . . . , he is required to file a charge of discrimination with the EEOC." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1); second citation omitted). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Id. at 300-01 (citation omitted). As the Fourth Circuit has explained in the parallel context of ADA claims:

> [T]he "scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Thus, "a plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit."

Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 594 (4th Cir. 2012) (citations omitted). Claims based on allegations included only

in an intake questionnaire, and not in the Charge of Discrimination, are outside this court's jurisdiction. See Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408-09 (4th Cir. 2013). However, in keeping with Title VII's remedial scheme,

> [A]n "administrative charge of discrimination does not strictly limit a Title VII suit which may follow." Instead, so long as "a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation," she "may advance such claims in her subsequent civil suit."

Sydnor, 681 F.3d at 594 (citations omitted).

In its Reply, Defendant objects to Plaintiff's alleged efforts to amend the Complaint to add pregnancy and gender discrimination claims.[2] While only checking the "Race" box in the EEOC Charge of Discrimination, the particulars of the Charge allege both offensive racial comments and disparate racial treatment related to heavier work assignments during the Plaintiff's pregnancy leading Plaintiff to claim a "hostile work

---

[2] Because exhaustion is a jurisdictional requirement, this issue is more properly addressed under Fed. R. Civ. P. 12(b)(1). See Agolli v. Office Depot, Inc., 548 F. App'x 871, 875 (4th Cir. 2013) (per curiam).

environment." (Compl., Ex. 2 (Doc. 2-2) at 2.)[3] Looking only at the Charge of Discrimination, this court concludes Plaintiff's administrative and judicial claims do not involve different time frames, actors, or discriminatory conduct; are reasonably related; and that Plaintiff has exhausted her administrative remedies over her claims.

### iii. Timeliness

A timely filed charge of discrimination is not a jurisdictional requirement but rather operates like a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). "Failure to timely file a charge with the EEOC bars the claim in federal court, and courts have strictly enforced this requirement." Fulmore v. City of Greensboro, 834 F. Supp. 2d 396, 411 (M.D.N.C. 2011) (citing McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994); Tangires v. Johns Hopkins Hosp., 79 F. Supp. 2d 587, 597 (D. Md.), aff'd, 230 F.3d 1354 (4th Cir. 2000) (per curiam) (unpublished table decision)). Like a statute of limitations, the requirement to timely file is

---

[3] Defendant objects to this court's consideration of any "new allegations" or documents attached to Plaintiff's response to Defendant's motion. (Reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Def.'s Reply") (Doc. 20) at 5-6.) This court relies only on the Charge of Discrimination in determining for which claims Plaintiff has exhausted her administrative remedies. See Mercer v. PHH Corp., 641 F. App'x 233, 238-39 (4th Cir. 2016).

"subject to waiver, estoppel, and equitable tolling." Zipes, 455 U.S. at 393 (footnote omitted). Equitable tolling is not permitted, however, where a plaintiff "failed to exercise due diligence" and does not extend to "garden variety claim[s] of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Plaintiff attaches her EEOC filings to her Complaint, containing the relevant dates as to Plaintiff's administrative claim. Plaintiff's Charge of Discrimination alleges the earliest date of discrimination as "07-01-2015" and the latest date of discrimination as "05-31-2016." (Compl., Ex. 2 (Doc. 2-2) at 2.) In the questionnaire, Plaintiff includes dates of discrimination as "8/15" in response to question 5.A and, although not entirely clear, perhaps the dates of "8/15-6/16" in response to question 5.B. (Id. at 5.) No action is described in the "8/15-6/16" subsection, which this court construes and understands to refer to August 2015 and June 2016, respectively. Because no adverse action is described as to the "6/16" date, this court finds the latest date of discrimination was 05-31-2016 as listed in the formal Charge of Discrimination and signed by Plaintiff under

penalty of perjury. (Id. at 1-2).[4] In the absence of any evidence to suggest a discriminatory act beyond May 31, 2016, this court finds the last act of discrimination alleged by Plaintiff to have occurred on or before May 31, 2016.

Plaintiff therefore had until November 28, 2016, to file a charge with the EEOC. Because Plaintiff's intake questionnaire is dated "11/20/2016," and Plaintiff's formal Charge is dated and stamped as received December 6, 2016, this court finds it necessary to address whether the intake questionnaire could be construed as a Charge.

EEOC regulations require that "[a] charge shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. "Verified" means "sworn to or affirmed before a notary public [or other authorized representative] or supported by an unsworn declaration in writing under penalty of perjury." Id. § 1601.3. An EEOC intake questionnaire "may serve as a charge if it meets the elements of a charge." (Compl., Ex. 2 (Doc. 2-2) at 7

---

[4] This court has reviewed Plaintiff's Complaint and attachments to the Complaint. (Compl. (Doc. 2); Compl., Exs. 1-3 (Docs. 2-1, 2-2, 2-3).) This court was unable to find any allegation of adverse employment action beyond May 31, 2016. Whether Plaintiff's Charge may be construed as a series of discrete discriminatory acts or as one hostile work environment claim, see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), no act is alleged to have occurred beyond May 31, 2016, and thus that date must be used to determine the timeliness of Plaintiff's Charge.

(citing § 1601.12(b), § 1626.8(c).) A charge shall be sufficient "when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the actions or practices complained of." § 1601.12(b). "An unverified document that satisfies the other substantive requirements for a charge can be cured by a later-filed charge that is verified, in which case the verified charge relates to the filing date of the unsworn charge." Caldwell v. Correct Care Sols., LLC, C/A No. 3:13-1202-CMC-TER, 2015 WL 3903686, at *8 (D.S.C. June 25, 2015) (citing § 1601.12(b); Edelman v. Lynchburg Coll., 535 U.S. 106, 118 (2002)). The charge is deemed to be filed with the EEOC upon receipt of the document. § 1601.13(a)(1).

Here, Plaintiff's intake questionnaire is signed and dated 11/20/2016. (Compl., Ex. 2 (Doc. 2-2) at 7.) Plaintiff's Charge of Discrimination is signed and dated December 6, 2016, and the EEOC stamped the Charge of Discrimination as received on December 6, 2016. (Id. at 1-2.) There is no date stamp on any pages of the intake questionnaire and no evidence that the questionnaire was filed with or received by with the EEOC any time prior to the formal Charge. (Id. at 4-7.) Lacking such evidence, this court is unable to relate back the Charge date to the questionnaire date. Thus, the court must look to the

December 6, 2016 date of filing, which is outside the 180-day time period required by 42 U.S.C. § 2000e-5(e)(1). This court agrees with the EEOC that Plaintiff's Charge of Discrimination was not timely filed, (see Compl., Ex. 2 (Doc. 2-2) at 1), and finds Plaintiff's Complaint is therefore subject to dismissal upon motion of Defendant under Fed. R. Civ. P. 12(b)(6).

### iv. Equitable Tolling

Defendant also argues that Plaintiff appears to assert that her delay in filing was due to the demands of being a mother. (Reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Def.'s Reply") (Doc. 20) at 2.)[5] This court construes Plaintiff's description as a request for the court to apply the doctrine of equitable tolling to excuse her failure to comply with the 180-day limitation period.

Equitable tolling generally applies where "'the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant'" or where "'extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (citation omitted). "In the

---

[5] This court notes that it excludes matters outside the pleadings in accordance with Fed. R. Civ. P. 12(d). See Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

employment-discrimination context, the Fourth Circuit has found that equitable tolling may apply when the untimely filing resulted from processing delays at the EEOC or from misleading statements by EEOC officials." Morris v. Lowe's Home Ctrs., Inc., No. 1:10-CV-388, 2011 WL 2417046, at *4 (M.D.N.C. June 13, 2011) (footnote omitted) (citing Bishop v. Hazel & Thomas, PC, 151 F.3d 1028 (4th Cir. 1998) (per curiam) (unpublished table decision); Waiters v. Robert Bosch Corp., 683 F.2d 89, 92 (4th Cir. 1982); Cornett v. AVCO Fin. Servs., One, Inc., 792 F.2d 447, 450 (4th Cir. 1986)).

Here, Plaintiff alleges no wrongful conduct on the part of Defendant or the EEOC in the delay in filing. While Plaintiff's assertions pertaining to her health and the demands of having a newborn may be true, this court is not aware of any equitable tolling doctrine that would allow the late filing of the Charge of Discrimination under these circumstances. Moreover, Plaintiff's justification for delay is belied by Plaintiff's consultation with an attorney in the April 2016 time frame for matters pertaining to Defendant's alleged discrimination. (Compl., Ex. 3 (Doc. 2-3).) This court therefore finds no basis upon which to toll the 180-day filing requirement.

### C. Motion to Seal

As a final matter, Plaintiff has filed a Motion to Seal and accompanying brief, (Docs. 17, 18), pertaining to two exhibits attached to her response to Defendant's motion, (Motion to Respond, Exs. 21-22 (Docs. 16-21, 16-22)). This court does not find the motion and brief set forth a sufficient basis to justify sealing. See In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 293 n.12 (4th Cir. 2013) (discussing the burden of the party seeking to overcome the presumption of access). Moreover, the documents are not relevant to this court's decision, nor were they relied upon by this court in reaching a decision as to the Motion to Dismiss. While this court would likely allow the documents to remain sealed due to their irrelevance to the case, Defendant, the party most likely affected by the documents, objects to their being filed under seal. As a result, Plaintiff's motion will be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal, (Doc. 17), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (Doc. 13), is **GRANTED**, and this action is hereby **DISMISSED WITH PREJUDICE** as to Defendant East Penn.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as to Defendants Robert Collins and Jimmy Bobbit pursuant to Fed. R. Civ. P. 4(m), because Plaintiff has failed to serve Defendants Collins and Bobbit and attempts to serve these Defendants would be futile based on the reasons outlined in this Memorandum Opinion and Order.

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 29th day of March, 2018.

/s/ William L. Osteen, Jr.
United States District Judge